# 14-3648-cv

FEDERAL DEPOSIT INSURANCE CORPORATION,
As Receiver for Colonial Bank,

*Plaintiff-Appellant,*

—against—

FIRST HORIZON ASSET SECURITIES, INC., FIRST HORIZON HOME LOAN CORPORATION, CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., FTN FINANCIAL SECURITIES CORP., HSBC SECURITIES (USA) INC., RBS SECURITIES INC., UBS SECURITIES LLC, WELLS FARGO ASSET SECURITIES CORPORATION,

*Defendants-Appellees,*

CHASE MORTGAGE FINANCE CORP., JP MORGAN CHASE & CO., JP MORGAN SECURITIES LLC, CITICORP MORTGAGE SECURITIES, INC., CITIMORTGAGE, INC., CITIGROUP GLOBAL MARKETS INC., ALLY SECURITIES LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
(NO. 12-CV-6166) (HON. LOUIS L. STANTON)

## OPPOSITION TO MOTION OF FEDERAL HOUSING FINANCE AUTHORITY FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

AMANDA FLUG DAVIDOFF
JEFFREY B. WALL
SULLIVAN & CROMWELL LLP
1700 New York Avenue, NW
Washington, DC 20006
(202) 956-7500

BRUCE E. CLARK
DAVID B. TULCHIN
ROBERT J. GIUFFRA, JR.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Counsel for First Horizon and UBS Defendants-Appellees*
*[Counsel Continued on Inside Cover]*

July 14, 2015

RICHARD W. CLARY
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Counsel for Credit Suisse
Securities (USA) LLC*

THOMAS C. RICE
ANDREW T. FRANKEL
SIMPSON THACHER
& BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Counsel for Deutsche Bank
Securities Inc. and
RBS Securities Inc.*

MARC T.G. DWORSKY
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue,
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Wells Fargo Asset
Securities Corporation*

MICHAEL O. WARE
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500

*Counsel for HSBC Securities
(USA) Inc.*

Appellees oppose the motion of Federal Housing Finance Authority ("FHFA") for leave to participate in the October 8, 2015 oral argument in this case. FHFA's participation is entirely unnecessary and inappropriate, because its interests and arguments mirror those of its sister federal agency, Appellant Federal Deposit Insurance Corporation ("FDIC"). Indeed, FHFA's motion merely reiterates the same arguments made by FDIC in its opening and reply briefs. *Compare* Mot. 2–3, *with* FDIC Opening Br. 15–16, 26, 30; FDIC Reply Br. 4–5, 10, 21. FHFA offers no reason for this Court to allow lawyers for two federal agencies—one as a party and the other as an amicus—to say the same thing at oral argument. There is no question that the FDIC is fully versed in the legal issue raised in this appeal, having litigated this same issue in the District Court and in other courts of appeals and district courts around the country.

In any event, were the Court inclined to grant FHFA's motion (and it should not), FHFA's time should come from FDIC's allotment, not on top of it. If seven banks can make their case in the time allowed through one advocate, surely two federal agencies can do the same. Indeed, it would be prejudicial (and contrary to the normal practice of this Court) to allow one side to have more collective argument time than the other.

1.  Tellingly, FHFA's motion fails to identify anything distinctive that FHFA would add to the oral argument in this case. The arguments set forth in FHFA's amicus brief duplicate those made by FDIC, and FHFA does not contend otherwise. Nor does FHFA contend that FDIC, which has been litigating these issues for years, cannot adequately advance the agencies' position. At bottom, FHFA just wants to reiterate the views of its sister federal agency, which is the classic reason why an amicus should *not* be permitted to participate in oral argument. *See* 16AA Charles Alan Wright et al., *Federal Practice & Procedure* § 3975 (4th ed. 2014) ("[A]n amicus ought to add something distinctive to the presentation of the issues, rather than serving as a mere conduit for the views of one of the parties.").

FHFA points to the fact that it has substantial experience litigating the question presented in this appeal. *See* Mot. 4-5. Of course, so does FDIC (as do several of the seven appellee-banks that have elected to argue through one advocate). The single legal issue here is whether the so-called "extender" provision of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(14)(A)— which, by its terms, extends only "the applicable *statute of limitations*" for certain "contract" or "tort" claims brought by FDIC as the receiver of a

failed bank—expressly or impliedly repeals the three-year *statute of repose* in the Securities Act of 1933, 15 U.S.C. § 77m (emphasis added). Judge Stanton correctly held that, under the Supreme Court's recent 7-to-2 decision in *CTS Corp.* v. *Waldburger*, 134 S. Ct. 2175 (2014), FIRREA means what it says: its reference to a "statute of limitations" does not repeal statutes of repose, including the longstanding and well-recognized three-year repose period in the Securities Act.

Other district courts in the Second, Fifth and Ninth Circuits have reached the same conclusion, and FDIC is currently appealing those judgments. *See FDIC* v. *RBS Sec., Inc.*, No. 14-51055 (5th Cir. argued July 9, 2015); *FDIC* v. *Barclays Capital, Inc.*, No. 13-56783 (9th Cir.). FDIC thus has more than sufficient experience with the issue here to present the agencies' position. FHFA notes (Mot. 5) that yet another federal agency, the National Credit Union Administration Board ("NCUA"), recently was permitted to participate in the Fifth Circuit argument as an amicus on time ceded by FDIC. *See FDIC* v. *RBS Sec., Inc.*, No. 14-51055, July 1, 2015 Order. But what FHFA does *not* mention is that NCUA's "me-too"

presentation added nothing distinctive before the Fifth Circuit. Experience thus only confirms the unnecessary nature of FHFA's request.[*]

   2. At a minimum, this Court should not tilt the playing field in the agencies' favor by granting FHFA an additional five minutes of argument time. *See* Mot. 4–5. The seven appellee-banks have filed a single brief and will present their case (through a single advocate) in the allotted time. If FHFA is permitted to present oral argument, it should do so subject to the usual rules for amici by sharing in the time allotted to appellant, and in no event should the Court give appellant and its amicus more time than the seven appellees to present argument.

## CONCLUSION

  FHFA's motion for leave to participate in the oral argument should be denied. In the alternative, FHFA should not be granted additional oral

---

[*] FHFA mentions (Mot. 2–3) that it was a party in *FHFA* v. *UBS Americas Inc.*, 712 F.3d 136 (2d Cir. 2013) ("*UBS*"), in which this Court ruled that a materially identical extender provision in the Housing and Economic Recovery Act of 2008 ("HERA"), 12 U.S.C. § 4617(b)(12), displaces the Securities Act's three-year repose period. But as Judge Stanton recognized, this Court's pre-*CTS* decision in *UBS* did not have the benefit of the Supreme Court's direction in *CTS* about how federal courts should assess the scope of an extender provision. *See* J.A. 168, 173–77; *UBS*, 712 F.3d at 141–43.

argument time, but should be required to present its argument within the time allotted to FDIC.

Respectfully submitted,

s/ ROBERT J. GIUFFRA, JR.

THOMAS C. RICE
ANDREW T. FRANKEL
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Counsel for Deutsche Bank Securities Inc. and RBS Securities Inc.*

MARC T.G. DWORSKY
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Fl.
Los Angeles, California 90071
(213) 683-9100

*Counsel for Wells Fargo Asset Securities Corporation*

MICHAEL O. WARE
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 506-2500

*Counsel for HSBC Securities (USA) Inc.*

BRUCE E. CLARK
DAVID B. TULCHIN
ROBERT J. GIUFFRA, JR.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

AMANDA FLUG DAVIDOFF
JEFFREY B. WALL
SULLIVAN & CROMWELL LLP
1700 New York Avenue, NW
Washington, DC 20006
(202) 956-7500

*Counsel for First Tennessee Bank N.A., FTN Fin. Securities Corp., First Horizon Asset Securities, Inc., and UBS Securities LLC*

RICHARD W. CLARY
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

*Counsel for Credit Suisse Securities (USA) LLC*

July 14, 2015